IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD WAYNE HULL, § | |
| TDCJ-CID NO.673637, § | |
| Petitioner, § | |
| v. § | CIVIL ACTION NO. H-04-3235 |
| § | |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Institutional Division, § | |
| Respondent. § | |

OPINION ON DISMISSAL

Petitioner Donald Wayne Hull, proceeding *pro se* and *in forma pauperis*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a disciplinary conviction for sexual misconduct. (Docket Entry No.1). Petitioner has also filed a more definite statement of his claims. (Docket Entry No.7). Respondent has filed a motion for summary judgment (Docket Entry No.27), to which petitioner has filed a response. (Docket Entry No.31). Also pending is petitioner's motion for entry of a default judgment against respondent. (Docket Entry No.29). After a thorough review of the pleadings, the motion for summary judgment, petitioner's response to respondent's motion for summary judgment, and the evidence in the record, the Court will grant respondent's motion for summary judgment, and deny petitioner relief.

CLAIMS

Petitioner is eligible for mandatory supervision. He was found guilty of sexual misconduct in disciplinary case number 20040309676, for which he forfeited five days of good time credit and lost commissary privileges. (Docket Entry No.1). Petitioner contends he was charged with the violation because he is a homosexual and because he filed a grievance against other correctional officers. Petitioner also contends that the evidence was insufficient to support the disciplinary

conviction because the charging instrument (1) did not state that he masturbated in such a way that others were aware that he was doing so in public and (2) did not state a TDCJ-CID violation. Petitioner further complains that he was denied twenty-four hour written notice of the charges against him in a meaningful manner to comport with due process. (*Id.*).

Respondent moves for summary judgment on the ground that petitioner did not exhaust his administrative remedies and he is now procedurally barred from exhausting them. (Docket Entry No.27). Alternatively, respondent moves for summary judgment on the following grounds:

1. Petitioner's loss of commissary privileges does not state a claim for relief;

2. The *de minimis* loss of five days of good time credit is insufficient to trigger due process protections;

3. Petitioner's retaliation and discrimination claims are conclusory;

4. The evidence is sufficient to support the disciplinary conviction;

5. The charging instrument adequately stated the charges against petitoner; and,

6. Petitioner was not denied meaningful written notice of the charge against him.

(*Id.*)

## ANALYSIS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with

'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Exhaustion of Administrative Remedies

Section 2254(b) of 28 United States Code requires that state prisoners seek redress in a state forum before seeking federal habeas relief. *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 476 (1973); *Rourke v. Thompson*, 11 F.3d 47, 49 n. 6 (5th Cir. 1993). The exclusive administrative remedy for inmates asserting a claim of relief against the criminal justice department that arises while in custody, is the inmate grievance system. TEX. GOV'T CODE ANN. § 501.008(a) (Vernon 2005). TDCJ-CID currently provides for a two-step grievance procedure for presenting administrative grievances. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999). A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Id.* An inmate who fails to pursue the grievance remedy to conclusion, *i.e.* fails to file a step-two grievance, fails to exhaust his state administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Respondent proffers the affidavit of Gwen Kay Stanford, the Assistant Administrator Offender Grievance for TDCJ, in support of his contention that petitioner failed to exhaust his administrative remedies. Sandford attests that she is custodian of Offender Grievance Records. (Docket Entry No.27-2). She further attests that she reviewed petitioner's grievance records and found none on file relating to disciplinary case number 20040309676. She indicates that petitioner's

Step 1 grievance number 2004200989 relating to disciplinary conviction 20040309676 was returned to petitioner unprocessed.  (*Id.*).

Petitioner indicates in his more definite statement that he attempted to grieve the conviction through TDCJ-CID's grievance system but his Step 1 grievance was returned because of excessive attachments and his Step 2 was denied because of the Step 1 denial.  (Docket Entry No.7).

In his response to the motion for summary judgment, petitioner contends that he was not required to exhaust his administrative remedies because he was not challenging his conviction, but a disciplinary violation. (Docket Entry No.31). Petitioner's contention is without merit.  *See Gatrell v. Taylor*, 981 F.2d 254, 258 n. 3 (5th Cir.1993) (inmate challenging disciplinary hearing must first exhaust the TDCJ grievance procedures).

He further complains that because the Clerk filed the state court records in a separate docket entry, respondent failed to comply with Rule 56 of the Federal Rules of Civil Procedure by attaching his proof in support of the motion to the motion for summary judgment.  (Docket Entry No.31). Court records indicate that Sanford's affidavit was submitted electronically with the motion for summary judgment.  (Docket Entry No.27).

Because petitioner failed to exhaust the administrative remedies available to him under Texas law, his federal habeas petition is subject to dismissal.  Accordingly, the Court will grant respondent's motion for summary judgment on this ground.

Petitioner's claim that he was charged with the disciplinary violation because he is a homosexual and because he had previously written grievances against other officers are claims of discrimination and retaliation and cannot be addressed in this habeas action.  If petitioner wishes to

pursue such claims, he must first exhaust his administrative remedies and pursue the claims by means of a 42 U.S.C. § 1983 cause of action.

## Default Judgment

Petitioner moves for the entry of a default judgment against respondent on the ground that respondent has not timely filed his motions or pleadings, specifically, the motion for summary judgment. (Docket Entry No.29). Court records, however, reflect that respondent timely filed his motion for summary judgment. (Docket Entry No.27). Accordingly, petitioner's motion for default judgment will be denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny

a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's motion for a default judgment (Docket Entry No.29) is DENIED.

2. Petitioner's request for an extension to respond to the motion for summary judgment (Docket Entry No.30) is GRANTED.

3. Respondent's motion for summary judgment (Docket Entry No.27) is GRANTED. All claims, except for petitioner's discrimination and retaliation claims, are DISMISSED with prejudice. Petitioner's discrimination and retaliation are DISMISSED without prejudice.

4. A certificate of appealability from this habeas action is DENIED.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, on January 23, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE