UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD WAYNE HULL, | § | |
| TDCJ-CID NO.673637, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-04-3235 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

ORDER

Petitioner Donald Wayne Hull filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  On January 24, 2006, the Court entered an order granting respondent's motion for summary judgment and dismissing the petition.  Petitioner has now filed a "Motion for Relief from A Judgment," in which he asks the Court to set aside its dismissal order and to reinstate this case.  (Docket Entry No.34).  For the reasons that follow, petitioner's motion will be denied.

Petitioner's motion is governed by both Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure.  A motion filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e).  *Edward H. Bohlin Co. v. Banning Co.*  , 6 F.3d 350, 353 (5th Cir. 1993).  A Rule 59(e) motion may be granted if the moving party demonstrates any of the following:  (1) the judgment was based upon a manifest error of law or fact;  (2) there is newly discovered or previously unavailable evidence;  (3) to prevent manifest injustice;  and (4) there is an intervening change in controlling law.  *See*  11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).  However, a Rule 59(e) motion may not be used to "relitigate old matters, or to raise arguments or present

1 / 3

evidence that could have been raised prior to the entry of judgment." *Id.* Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud, misrepresentation, or other misconduct of an adverse party;  (4) the judgment is void;  (5) the judgment has been satisfied, released, or discharged;  or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b).

In its order of dismissal, the Court found that it was precluded from considering petitioner's claims with respect to disciplinary conviction 20040309676 because petitioner did not exhaust his administrative remedies. (Docket Entry No.32).  Respondent's summary judgment proof showed that petitioner  filed on grievance with respect to this disciplinary conviction but it was returned to petitioner unprocessed. (*Id.*).

In the pending motion, petitioner contends that he exhausted his administrative remedies with respect to the disciplinary conviction 20040309676 because he carried through the grievance process to its completion by filing a Step 2 grievance. (Docket Entry No.34). Petitioner indicated in his original petition and more definite statement that he had filed a Step 2 grievance, which had been denied because his Step 1 grievance was defective.  He proffers no grievances or other proof in support of this contention.  Petitioner, therefore, fails to show his entitlement to relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. Instead, he seeks to re-litigate the dispositive issue in this case.

Accordingly, petitioner's "Motion for Relief from A Judgment," (Docket Entry No.34) is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 14th day of March, 2006.

Melinda Harmon
United States District Judge